IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| BRYCE SPRINGS, INC. | § | 05-44340-11 |
| DEBTOR | § | |

MEMORANDUM OPINION

## I. INTRODUCTION

This matter arises out of the failure of an attorney, Peter Bergman (Bergman), to comply with the Local Rules of the Southern District of Texas, particularly Rule of Discipline 3(A). This Rule requires an attorney who has been disciplined by another court to report that disciplinary action to the Clerk of Court in the Southern District of Texas (Clerk of Court). Bergman was disciplined several times by the State Bar of Texas, ultimately receiving a year-long suspension. Because of Bergman's failure to report these disciplinary measures to the Clerk of Court, and because Bergman also made misrepresentations to this Court in violation of Texas Disciplinary Rule of Professional Conduct 8.04(a)(4), this Court believes that monetary sanctions against Bergman are appropriate. The purpose of this Memorandum Opinion is to discuss Bergman's conduct and how this Court arrived at the amount of sanctions.

## II. FINDINGS OF FACT

The relevant factual background of this matter, in chronological order, is as follows:

1.  On November 16, 2001, Judge Manuel Banales, sitting in the 215th Judicial

1

    District of Harris County, entered an Agreed Judgment of Public Reprimand (Cause No. 2001-34059) against Bergman. The Agreed Judgment ordered publication of the reprimand in the *Texas Bar Journal*. Bergman did not notify the Clerk of Court about this reprimand.

2. On June 18, 2004, an Agreed Judgment of Fully Probated Suspension was entered against Bergman in the 334th Judicial District of Harris County (Cause No. 2003-63167). The probationary term was to last from June 15, 2004, until June 14, 2006. Bergman did not notify the Clerk of Court of this suspension.

3. On August 19, 2005, Judge Mary Roman, sitting in the 55th Judicial District of Harris County, entered an Agreed Judgment of Partially Probated Suspension against Bergman (Cause No. 2005-20664). The Agreed Judgment imposed an active suspension period lasting from November 1, 2005, until October 31, 2006, and a probationary term lasting from November 1, 2006, until October 31, 2007. Bergman again failed to notify the Clerk of Court of this suspension.[1]

4. On September 6, 2005, Bergman, as attorney-in-charge, filed a Chapter 11 bankruptcy petition in this Court on behalf of Bryce Springs, Inc. (Debtor), case no. 05-44340. (Docket No. 1).

5. On September 7, 2005, the Clerk of Court, Michael Milby (Milby), received

---

[1] Bergman finally notified the Clerk of Court by sending a letter on October 4, 2005, but he undertook this action only after the Court brought this requirement to his attention at the September 28 hearing (which hearing is discussed in paragraph 9 of this Section II).

2

notification of Bergman's suspension from the Office of the Chief Disciplinary Counsel of the State Bar of Texas.

6. On September 9, 2005, Milby sent Bergman a Notice of Suspension, stating that Bergman is "suspended from practice before the United States District Court for the Southern District of Texas parallel to the discipline imposed on you by the State Bar of Texas." A true and correct copy of this Notice of Suspension is attached hereto as Exhibit A.

7. On September 9, 2005, in the above-referenced Chapter 13 case, Bergman filed the Debtor's Initial Application to Employ Attorney and the First Amended Application to Employ Attorney (Docket No. 3 & 4). Both of these documents were unsigned. However, both contained the representation that Bergman is "duly admitted to practice in this Court."

8. On September 19, 2005, this Court issued an Emergency *Sua Sponte* Show Cause Order (Docket No. 9) directing Bergman to appear and show cause why he should not be sanctioned for (1) failing to comply with District Court Local Rule 83.1(L), as made applicable by Bankruptcy Local Rule 1001(e); and (2) filing a materially false Attorney's Declaration. A true and correct copy of this Show Cause Order is attached hereto as Exhibit B.

9. On September 28, 2005, this Court held a show cause hearing during which Bergman appeared and admitted all the allegations contained in the Show Cause Order, namely that he failed to notify the Clerk of Court of any of the three disciplinary actions taken against him, as required by the applicable Local Rule, and that he also filed false or misleading papers with this Court.

        Bergman failed to offer an acceptable reason for his actions. This Court ordered Bergman, by September 30, 2005, to send letters to all of his clients informing them of his suspension from the practice of law. This Court also ordered Bergman to create a chart discussing the status of all his active bankruptcy cases. He was instructed to submit copies of the letters and the chart to the Court. The show cause hearing was continued until October 6, 2005, at which time Bergman had to submit proof that he had complied with these bench orders.

10.    On October 6, 2005, the Show Cause hearing was concluded. Bergman submitted the required charts and letters. At this hearing, Bergman expressed his remorse for his actions; yet, he still gave no satisfactory explanation for his conduct.

### III. CONCLUSIONS OF LAW

**A.    This Court has jurisdiction over Bergman in this matter.**

According to the Southern District Local Rules of Discipline, "an appearance by a lawyer before the court, by writing, or in person, confers disciplinary jurisdiction upon the court." APPENDIX A, RULES OF DISCIPLINE, RULE 7. Under controlling Fifth Circuit law, any affirmative action that recognizes the jurisdiction of the court impliedly submits the appearing party to the jurisdiction of the court. *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002). The Fifth Circuit has also interpreted "appearance" to include such acts as filing papers with the court. *See Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Here, Bergman appeared before this Court multiple times by filing several bankruptcy petitions, including the chapter 11 petition that forms the basis for

4

this opinion. Bergman has also filed many cases currently pending before the other bankruptcy judges in the Southern District of Texas. In fact, Bergman even went so far as to file petitions on behalf of clients well past August 19, 2005, the date of the most recent Agreed Judgment entered against him. His multiple appearances before this Court clearly establish disciplinary jurisdiction.

**B.      This Court has authority to impose sanctions on Bergman.**

Courts inherently have the power to control their "own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.* 501 U.S. 32, 42, 111 S.Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L. Ed. 2d 734 (1962)). This inherent power includes the authority to supervise the conduct and qualifications of the attorneys who practice before the court and to impose disciplinary sanctions when appropriate. *See In re Smith*, 100 F. Supp. 2d 412, 415 (N.D. Tex. 2000). The Fifth Circuit has held that bankruptcy courts may rely upon the language in 11 U.S.C. § 105(a) as authority for holding that the inherent sanction and discipline power extends to the bankruptcy courts. *In re Terrebone Fuel and Lube Inc.*, 108 F.3d 609, 613 (5th Cir. 1997). Section 105(a) reads, in pertinent part, as follows: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This Court invokes Section 105(a) to impose sanctions against Bergman.

In determining appropriate sanctions "[t]he court possesses the discretion to tailor sanctions to the particular facts of the case." *In re Prewitt*, 280 F. Supp. 2d 548, 562 (N.D. Miss. 2003) (citing FED. R. CIV. P. 11, Advisory Committee Notes). However, the court must use its power to impose sanctions with restraint and caution, especially when

5

determining whether to disbar or suspend an attorney from practicing before that court. *Id.* The court also must follow certain due process procedures when sanctioning an attorney. *F.T.C. v. Kuykendall,* 371 F.3d 745, 754 (10th Cir. 2004). The procedural due process requirements are (1) notice of the grounds for sanctions; and (2) the opportunity to be heard. *Id; see also Carroll v. The Jaques Admiralty Law Firm, P.C.,* 110 F.3d 290, 293 (5th Cir. 1997) (asserting no procedural due processes issues existed where a show cause order was issued and a hearing was conducted). Bergman received notice of his sanctionable conduct and the possibility of sanctions in the Show Cause Order issued on September 19, 2005.

### C. Bergman violated Rule of Discipline 3(A) and Texas Disciplinary Rule of Professional Conduct 8.04(a)(4).

#### 1. Rule 3(A)

Practice before this Court is governed by the Local Rules of the United States Bankruptcy Court for the Southern District of Texas and the Local Rules of the United States District Court for the Southern District of Texas. Bankruptcy Local Rule 1001(e) provides that "[a]dmission, designation, and discipline are governed by the local rules of the district court." District Court Local Rule 83.1(L) states that the Rules of Discipline govern membership in the bar of the United States District Court for the Southern District of Texas. The Rules of Discipline are found in Appendix A to the Local Rules. Rule 3(A) requires that "a lawyer suspended or disbarred by another court in the United States shall promptly notify the clerk of court in writing of that action and immediately cease to practice before this court. . . . A lawyer subjected to published reprimand by a state bar shall notify the clerk of the court, but may continue to practice." Additionally, any lawyer who is disbarred or suspended must furnish the Clerk of Court with a certified copy of the order of suspension

or disbarment.

Based upon a review of Bergman's file with the Clerk of the Court and Bergman's own oral admissions on the record at the September 28 and October 6 hearings, this Court finds that he failed to comply with Rule 3(A) of Appendix A of the District Court Local Rules. Bergman failed to notify the Clerk of Court in writing or otherwise of either of his suspensions or his published reprimand. Moreover, despite being suspended in 2004 and in 2005, he also continued to practice before all five of the bankruptcy judges who sit in the Houston Division, in contravention of Rule 3(A). Rule 3(A) required Bergman, upon suspension in June of 2004, to have ceased practicing before this Court "immediately." It is of no matter that his active suspension from the State Bar does not begin until November 1, 2005. One can hardly suppose that by including the word "immediately" in Rule 3(A), the drafters of the District Court Local Rules really meant 'concurrent with other suspensions' or ' 16 ½ months after the suspension was ordered.' The plain meaning of the language in Rule 3(A) is beyond dispute: one must stop practicing *immediately*.

At the September 28 hearing, Bergman suggested that he has continued practicing in the bankruptcy courts because his 2004 suspension was probated and he is not actively suspended until November 1, 2005. This Court does not accept this argument. Although the Agreed Judgment in 2004 fully probated Bergman's suspension, the fact that he was suspended required him to "immediately cease to practice before this court." It may well be that because his suspension in 2004 was fully probated, Bergman could continue to practice in state court or some other federal court, but he was not allowed to practice in the United States District Court for the Southern District of Texas. The words "immediately cease to practice before this court" leave no doubt that Bergman should have ceased

7

practicing in the Southern District of Texas after the 2004 Agreed Judgment was entered.

The language in Milby's letter does not contradict this conclusion, as was suggested at the September 28 hearing. The words in the letter sent to Bergman by Milby, instructing him that he was "suspended from practice" before the Southern District of Texas "parallel to the discipline imposed" by the State Bar, and the directive in Rule 3(A) that an attorney "immediately" stop practicing before these courts, are not contradictory. The suspension issued by the Texas State Bar was for *all* practice of law, not just practice before a tribunal. The suspension imposed by the District Court Local Rules is for practice before the Southern District of Texas. There is nothing to indicate that these suspensions must start and end at the same time.

In fact, the language and procedures outlined in the Rules of Discipline and the disciplinary letter suggest that these suspensions will not be exactly concurrent. Rule 3(A) requires an immediate cessation of practice before the Southern District of Texas; and the letter sent to Bergman from Milby makes its clear that before he can be eligible again to practice in the Southern District of Texas, Bergman must petition the Chief Judge of the Southern District and demonstrate that he "(a) [has] met the terms of [his] suspension and that (b) [he is] a member in good standing of the bar of the court that suspended" him initially. *See* Exhibit A. Necessarily, this means that Bergman will not be able to resume practicing in the Southern District of Texas until *after* he has completed his suspension term imposed by the State Bar–not *upon* completion of it–and petitioned the Chief Judge; whereas Bergman will be able to resume practicing law in general and before state court tribunals upon completion of his suspension by the State Bar.

8

2.  **Rule 8.04(a)(4)**

Texas Disciplinary Rule of Professional Conduct 8.04(a)(4) provides that "[a] lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation." "An attorney, after being admitted to practice, becomes an officer of the court, exercising a privilege or franchise." (internal marks omitted) *Carroll*, 110 F.3d at 294 (quoting *Howell v. State Bar of Texas*, 843 F.2d 205, 207 (5th Cir.), *cert. denied*, 488 U.S. 982, 109 S.Ct. 537, 102 L. Ed. 2d 563 (1988)). As an officer of the Court, every member of the bar owes a duty of honesty and candor toward the Court. This Court is concerned about Bergman's conduct in filing the Attorney's Declaration that stated that Bergman was "duly admitted to practice in this Court." This filing is a misrepresentation to the Court; as someone who should have ceased practicing before this Court in 2004, he was hardly "duly admitted to practice in this Court" as of September 9, 2005, when he filed the Application and Amended Application to Employ Attorney.

All in all, Bergman has violated Rule 3(A) and Rule 8.04(a)(4). This Court has a duty to protect the integrity of the legal system by enforcing all the governing Rules. *In re Cash Media*, 326 B.R. 655, 671 (Bankr. S.D. Tex. 2005). It will do so by imposing monetary sanctions.

D.  **Monetary sanctions of $600.00 are appropriate under the circumstances in this matter.**

Courts have a great responsibility placed on them when called to determine appropriate sanctions. They must give "recognition to (a) the universally held view that 'a lawyer occupies a position of public trust,' and (b) the level of integrity demanded of attorneys who practice . . . in the federal courts." (citations omitted) *In re Mitchell*, 2003

9

WL 21746254 (N.D.Tex. 2003). This Court has an obligation to tailor sanctions to the wrongs committed and to impose the least harsh discipline within the objective of obtaining attorney compliance. *See In re Prewitt*, 280 F. Supp. 2d at 562. Civil monetary sanctions are appropriate so long as the sanction is remedial in nature and benefits the complainant. *Int'l Union, UMWA v. Bagwell*, 512 U.S 821, 828, 114 S.Ct. 2552, 2557, 129 L. Ed. 2d 642 (1994). A monetary sanction that reimburses the court for costs and time lost is remedial and compensatory. *U.S. v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001) (discussing the premise that monetary sanctions payable to the court are compensatory when reimbursing unnecessary costs to the court).

In this particular Chapter 11 case, Bergman practiced in this Court by filing the initial Chapter 11 Petition, the initial Application to Employ Attorney, and the First Amended Application to Employ Attorney. Because he should have ceased practicing law in the Southern District of Texas many months prior to filing these three pleadings, Bergman committed three violations of Rule 3(A). Additionally, Bergman committed a fourth violation of Rule 3(A) because in 2001, he failed to notify the Clerk of Court that he was reprimanded by the State Bar in Cause No. 2501-34059 and that this reprimand was a published reprimand. Further, Bergman committed a fifth violation of Rule 3(A) in 2004 because he failed to promptly notify the Clerk of Court in writing (and provide a certified copy of the order) of the probated suspension imposed upon him by the Harris County District Court in Cause No. 2003-63167. Finally, Bergman committed a sixth violation of Rule 3(A) in 2005 because he failed to notify the Clerk of Court in writing (and provide a certified copy of the order) of the suspension imposed upon him by the Harris County District Court in Cause No. 2005-20664. For these six violations, the Court imposes a

sanction of $100.00 per violation, for a total sanction of $600.00. The Fifth Circuit has approved this measure of assessing monetary sanctions to be paid directly to the court for "misconduct . . . recognized in the [local] rules, in common sense, and in respect for the court's processes." *Carroll*, 110 F.3d at 293.

The Court was initially disposed to imposing a sanction against Bergman of $1,000.00 per violation. However, at the hearing on October 6, 2005 Bergman was very contrite about his conduct and, moreover, the client letters he provided to the Court were well written. The chart which Bergman provided discussing the status of each case was also well drafted and provided the information that this Court needs to ensure that it can properly monitor the progress, or lack thereof, of those debtors whom Bergman has been representing. Additionally, Bergman informed the Court that he had been taking steps to obtain substitute counsel for his clients, and that he was making progress. Specifically, Bergman has conferred with an attorney named Patrick Hubbard, who has agreed, subject to approval of each of Bergman's clients, to substitute in as counsel-of-record. Further, the attorney for the United States Trustee's Office informed the Court that Bergman, prior to the Court's Show Cause Order of September 19, 2005, had at least telephoned the U.S. Trustee's Office to report his suspension. Finally, the Court would note that after reviewing the files of each of the debtors' cases in which Bergman is counsel of record before the undersigned Judge, it appears that his representation of them has been satisfactory and that he has achieved good results in some of these cases; regrettably, it appears that Bergman's problems have arisen in representing clients in non-bankruptcy matters. All in all, the Court finds that there are sufficient mitigating factors in Bergman's case such that a sanction of $100.00 per violation, rather than $1,000.00 per violation, is appropriate.

## IV. CONCLUSION

The conduct exhibited by Bergman is disappointing. It exhibits a pattern of neglect, sloppy work, and carelessness, if not outright disregard for the Court in front of whom he has practiced over many years. By practicing in this manner, Bergman has disregarded the integrity of the judicial system in general and his role as an officer of this Court in particular. In doing so, he has risked the interests of his clients, an outcome which is wholly unacceptable. This Court hopes that by imposing the sanctions that it has, Bergman will be more conscientious upon returning to practice.

A separate order imposing sanctions on Bergman will be entered on the docket simultaneously with the entry of this Memorandum Opinion.

Signed this 31st day of October, 2005.

Jeff Bohm
U. S. Bankruptcy Judge

cc: (1) Peter A. Bergman
via telecopy (281) 358-7008

(2) Nancy Lynne Holley
U.S. Trustee's Office
515 Rusk, Suite 3516
Houston, Texas 77002

(3) Bryce Springs, Inc.
4630 Magnolia Cove Drive, #1411
Kingwood, Texas 77345
ATT: Patricia Ann Dukes, President

Exhibit A

# United States District Court
# Southern District of Texas

Peter A. Bergman
Attorney at Law
1306 Kingwood Dr.
Kingwood, TX 77339

## Notice of Suspension

Because the court has learned of your suspension by the State Bar of Texas, you are suspended from practice before the United States District Court for the Southern District of Texas parallel to the discipline imposed on you by the State Bar of Texas.

Under this court's rules of discipline, a final adjudication of suspension in another court establishes the misconduct for proceeding in this court unless the lawyer (a) requests a hearing and (b) at that hearing shows that the earlier action lacked due process. See Rule 3, Local Disciplinary Rules.

Before you may be reinstated to practice here, you must petition the chief judge with precise supporting information allowing him to determine that (a) you have met the terms of your suspension and that (b) you are a member in good standing of the bar of the court that suspended you initially.

Michael N. Milby, Clerk

by: *Nancy Perez*
Nancy Perez, Deputy Clerk

Date: September 9, 2005

Exhibit B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| BRYCE SPRINGS, INC. | § | 05-44340-11 |
| DEBTOR | § | |

**EMERGENCY *SUA SPONTE* ORDER REQUIRING PETER A. BERGMAN TO APPEAR IN COURTROOM 600 AT 9:00 A.M. ON SEPTEMBER 22, 2005 AND SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED FOR (1)FAILING TO COMPLY WITH DISTRICT COURT LOCAL RULE 83.1(L), AS MADE APPLICABLE BY BANKRUPTCY LOCAL RULE 1001(e); AND (2)FILING A MATERIALLY FALSE ATTORNEY'S DECLARATION ATTACHED TO THE DEBTOR'S APPLICATION TO EMPLOY ATTORNEY AND THE DEBTOR'S FIRST AMENDED APPLICATION TO EMPLOY ATTORNEY**

TO: Peter A. Bergman, whose address is 1306 Kingwood Drive, Kingwood, Texas 77339

This Court has reviewed the Debtor's Application to Employ Attorney and the Debtor's First Amended Application to Employ Attorney in the above reference chapter 11 case. Peter A. Bergman, the attorney whom the Debtor proposes to retain, failed to sign the Attorney's Declaration that was submitted with both the initial Application to Employ Attorney and the First Amended Application to Employ Attorney; Mr. Bergman nevertheless filed the Attorney's Declaration. This Court has also reviewed the Notice of Suspension dated September 9, 2005 that the Clerk of the Court has sent to Mr. Bergman. Additionally, this Court has reviewed three agreed judgments concerning Mr. Bergman: (1)Agreed Judgment of Public Reprimand dated November 16, 2001 signed by the Honorable J. Manuel Banales in cause number 2001-34059 styled *Commission For Lawyer Discipline vs. Peter A. Bergman*, in the District Court of Harris County, Texas, 215th

1

Judicial District (the First Judgment); (2) Agreed Judgment of Fully Probated Suspension dated June 18, 2004 signed by a district judge of Harris County, Texas in cause number 2003-63167 styled *Commission for Lawyer Discipline vs. Peter A. Bergman,* in the District Court of Harris County, Texas, 334th Judicial District (the Second Judgment); and (3) Agreed Judgment of Partially Probated Suspension dated August 19, 2005 signed by the Honorable Mary Roman in cause number 2005-20664 styled *Commission for Lawyer Discipline vs. Peter A. Bergman* in the District Court of Harris County, Texas, 55th Judicial District (the Third Judgment). Finally, this Court has reviewed the file maintained by the Clerk of the Court on Mr. Bergman. Based upon the Court's review of these documents, the Court is very concerned about Mr. Bergman's conduct.

Specifically, this Court is of the view that Mr. Bergman has failed to comply with Local Rule 83.1(L) of the United States District Court for the Southern District of Texas. This Rule applies to Mr. Bergman because Bankruptcy Local Rule 1001(e) expressly states that "Admission, designation, and discipline are governed by the local rules of the district court." Local Rule 83.1(L), which is entitled "Conduct of Attorneys," states that "The Rules of Discipline in Appendix A govern membership in the bar of the United States District Court for the Southern District of Texas."

> Rule 3(A) of Appendix A states that:
>
> A lawyer suspended or disbarred by another court in the United States shall promptly notify the clerk of court in writing of that action and immediately cease to practice before this court. The lawyer will furnish a certified copy of the order of suspension or disbarment. A lawyer subjected to a published reprimand by a state bar shall notify the clerk of court, but may continue to practice, pending review by this court.

It appears to this Court that Mr. Bergman has failed to comply with Rule 3(A) with respect to the First Judgment. This judgment, on page 3, expressly states that "this reprimand is made a matter of public record, and it shall be published in the Texas Bar Journal." Hence, as of November 16, 2001, Mr. Bergman was subjected to a published reprimand. The last sentence of Rule 3(A) required Mr. Bergman to notify the Clerk of Court that he was subjected to this published reprimand. The Court's review of the Clerk's file indicates that Mr. Bergman gave no such notice to the Clerk.

It further appears that Mr. Bergman has failed to comply with Rule 3(A) with respect to the Second Judgment. This judgment, on page 2, expressly states that "IT IS AGREED AND

2

THEREFORE ORDERED that Respondent be and is hereby suspended from the practice of law for a period of TWO (2) YEARS, with the suspension being fully probated, beginning on June 15, 2004, and ending on June 14, 2006, subject to all of the following terms and conditions. . ." The first sentence of Rule 3(A) requires a suspended lawyer to promptly notify the Clerk of Court in writing of the suspension and immediately cease to practice before this Court. Based upon this Court's review of the Clerk's file on Mr. Bergman, he failed to notify the Clerk in writing of his suspension. Mr. Bergman also failed to immediately cease practicing before this Court; indeed, he continued to represent clients in this Court. The second sentence of Rule 3(A) requires a suspended lawyer to furnish a certified copy of the Order of Suspension to the Clerk's office. Based upon this Court's review of the Clerk's file on Mr. Bergman, he failed to provide the Clerk's office with a certified copy of the Second Judgment.

It also appears that Mr. Bergman has failed to comply with Rule 3(A) with respect to the Third Judgment. This Judgment, on page 2, states that:

**IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED** that Respondent is suspended from the practice of law as follows:

1. Suspension from the practice of law for Two (2) years, with the first one (1) year being active suspension from the practice of law and the remaining One (1) year being probated;

2. The period of active suspension shall begin on November 1, 2005, and shall continue through October 31, 2006; and

3. The period of probated suspension shall begin immediately upon the conclusion of the active suspension and shall end on October 31, 2007.

The first sentence of Rule 3(A) requires Bergman, as a suspended attorney, to promptly notify the Clerk of Court in writing of his suspension and immediately cease to practice before this Court. Based upon this Court's review of the Clerk's file on Mr. Bergman, he failed to notify the Clerk in writing of his suspension. Indeed, the only notice received by the Clerk of Mr. Bergman's suspension came from the Office of the Chief Disciplinary Counsel of the State Bar of Texas in a letter dated August 24, 2005. Moreover, Mr. Bergman has continued, right up to the present date,

to practice before this Court instead of ceasing to practice, as required by Rule 3(A). In fact, Mr. Bergman has filed bankruptcy petitions on behalf of clients even after August 19, 2005—the date of the Third Judgment. The fact that the Third Judgment sets forth that Mr. Bergman's suspension begins on November 1, 2005 is of no moment. Rule 3(A) requires Mr. Bergman to immediately cease practicing law <u>in the United States District Court for the Southern District of Texas and the United States Bankruptcy Court for the Southern District of Texas</u>. It may well be that Mr. Bergman may continue to practice law in Texas State Courts until November 1, 2005, but he may not practice law in this Court.

The second sentence of Rule 3(A) requires Mr. Bergman, as a suspended lawyer, to furnish a certified copy of the Order of Suspension to the Clerk's Office. Based upon this Court's review of the Clerk's file on Mr. Bergman, he has failed to provide the Clerk's office with a certified copy of the Third Judgment.

The Court is also concerned about the Attorney's Declaration that was filed with the Debtor's initial Application to Employ Attorney and the First Amended Application to Employ Attorney. In both instances, the Attorney's Declaration is unsigned. Paragraph 1 of the unsigned Declaration represents that "I am a member fo (sic) the firm of Peter A. Bergman, P.C. (the "Law Firm") and have been duly admitted to practice in this Court." In view of the fact that Mr. Bergman should have ceased practicing law prior to the filing of this Declaration, this Court believes that the representation that Mr. Bergman is duly admitted to practice in this Court is false.

Based upon these circumstances described above, this Court believes that Mr. Bergman needs to appear and show cause why he should not be sanctioned. Sanctions may be in the form of monetary sanctions or non monetary sanctions, or both. It is therefore:

**ORDERED** that Peter A. Bergman shall appear in this Court and show cause why he should not be sanctioned for failing to comply with Rule 3(A) and for filing a Declaration that contains a materially false representation; and it is further

**ORDERED** that the hearing shall take place at 9:00 a.m. on September 22, 2005 in Courtroom 600, 6th Floor, Bob Casey Federal Courthouse, 515 Rusk Avenue, Houston, Texas; and it is further

**ORDERED** that if Mr. Bergman fails to appear at this hearing, then this Court will issue a

bench warrant directing the U.S. Marshal to produce the Mr. Bergman in this Court; and it is further

**ORDERED** that the United States Trustee's Office shall appear at this hearing.

Signed this 19th day of September, 2005.

Jeff Bohm
United States Bankruptcy Judge


cc: (1) Peter A. Bergman
via telecopy (281) 358-7008

    (2) Nancy Lynne Holley
U. S. Trustee's Office
515 Rusk Avenue, Suite 3516
Houston, Texas 77002

    (3) Bryce Springs, Inc.
4630 Magnolia Cove Drive, #1411
Kingwood, Texas 77345
ATT: Patricia Ann Dukes, President